By the Court :
By the act of the general assembly entitled, “ An act to create and establish an official board of city affairs in cities of the first grade of the first class,” passed October 24, 1890, the boards of public improvements in cities of that grade and class, were abolished; but, by the same act, § 2281, Revised Statutes, as then amended, all the powers and duties of the board of public improvements, were conferred on the board of city affairs, and the latter was made the successor in all respects of the board of public improvements. This act was declared unconstitutional by this court in State ex rel. Reemelin v. Smith, ante 211. The question now presented is, whether the official acts of this board, performed before the act was held invalid and the appointees under it were ousted by the judgment of this court in the above case, are also invalid and of no effect. We think not. The act did not in a legal sense create a new office. The board of city affairs was clothed with the same functions as the board of public improvements. If then, as can hardly be questioned, the identity of an officers to be determined by the functions that belong to it, the board of city affairs is, in law,' the same as the board of public im *508 provements: For there is nothing in a name by which the essence of things can be changed. The designation, board of city affairs, is only another appellation for the administrative functions with which it was clothed, as is, also, the designation, board of public improvements. So that the act of October 24, 1890, held unconstitutional, simply provided a mode for the removal of the then members of this administrative board, and the appointment of new ones. The persons appointed in pursuance of the provisions of the act were, for the time being, members de facto of this board; and the acts performed by them as such members before they were ousted by the proceeding in quo warranto, are, on principles of public policy, as valid as if they had been performed by the de jure members of the board. State v. Carroll, 38 Conn. 449; State v. Alling, 12 Ohio 16; State v. Jacobs, 17 Ohio 143; Seovill v. Cleveland, 1 Ohio St. 126; Ex parte Strang, 21 Ohio St. 610; State ex rel. Herron v. Smith, 44 Ohio St. 348.
It is argued that the separate character of the two boards is recognized in Reemelin et al. v. Mosby, 47 Ohio St. 570. This may seem so from the second clause of the syllabus. But no such question was involved, nor considered or necessary to be considered, in that case. It is true that the members of the new board are there referred to as members of. another board. In one sense this is true, in another it is not: With regard to the personnel, a change in the membership. makes another board, but with regard to its functions, the board remains the same so long as its functions remain unchanged. This was an immaterial distinction in that case, and - so not considered. For, so far as the right of the plaintiffs to relief was concerned, it was immaterial whether they were to be superseded by a new board with new functions, or simply by new members of the board then filled by themselves; in either case, they would not have been entitled to an injunction before the appointment of the new members.

Judgment affirmed.